# Exhibit A

| Court of Common Pleas of Lackawanna County | FOR CLERK OF JUDICIAL RECORDS USE ONLY |
|---|---|
| **Civil Cover Sheet** | Docket Number: 2009-CIV- 5215 |

| PLAINTIFF'S NAME<br>Robert Vaskas and Deanna Vaskas<br>His wife, | DEFENDANT'S NAME<br>Motor Truck Equipment - Pittsburgh, Inc. d/b/a<br>Kenworh of Pennsylvania |
|---|---|
| PLAINTIFF'S ADDRESS<br>RR#1, Box 20<br>Stevensville, Pa. 18854 | DEFENDANT'S ADDRESS<br>1250 O'Neill Highway<br>Dunmore, Pa. 18512<br><br>DEFENDANT'S NAME<br>KENWORTH TRUCK CO.<br>DEFENDANT'S ADDRESS<br>65 Kenworth Drive<br>Chillicothe, Ohio 45601<br><br>DEFENDANT'S NAME<br>PACCAR, INC.<br>DEFENDANT'S ADDRESS<br>777 106TH Avenue NE<br>Bellevue, WA 98004 |

MARY F. RINALDI LACKAWANNA COUNTY
2009 AUG 11 P 2:50
CLERK OF JUDICIAL RECORDS CIVIL DIVISION

| TOTAL NUMBER OF PLAINTIFFS<br>2 | TOTAL NO. OF DEFENDANTS<br>3 | COMMENCEMENT OF ACTION<br>Complaint |
|---|---|---|

| AMOUNT IN CONTROVERSY<br>In Excess of Jurisdictional Amount?<br>Yes___x___No___ | COURT PROGRAMS<br>JURY TRIAL DEMANDED |
|---|---|

CASE TYPE AND CODE (SEE INSTRUCTIONS)
**NGL/PROD**

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

REMARKS:

**TO THE CLERK OF JUDICIAL RECORDS:**
Please enter my appearance on behalf of Plaintiff;
Papers may be served at the address set forth below:

| NAME OF PLAINTIFF'S ATTORNEY OR PRO SE PLAINTIFF<br>Gerard W. Langan, Jr. , Esquire | ADDRESS<br>9 N. Main Street, Pittston, Pa. 18640 |
|---|---|
| PHONE NUMBER<br>570-883-1321 | FAX NUMBER<br>570-883-1250 | |
| SUPREME COURT IDENTIFICATION NO.<br>46938 | E-MAIL ADDRESS<br>glangan@omalleylangan.com |
| SIGNATURE | DATE 8/11/09 |

ROBERT VASKAS AND DEANNA : IN THE COURT OF COMMON PLEAS
VASKAS, Husband and Wife, :
RR1, Box 20 : OF LACKAWANNA COUNTY
Stevensville, Pa. 18854 :
          Plaintiffs :
VS. :
MOTOR TRUCK EQUIPMENT - :
PITTSBURGH, Inc. d/b/a/ :
KENWORTH OF PENNSYLVANIA : CIVIL ACTION - LAW
1250 O'Neill Highway :
Dunmore, Pa. 18512 :
          AND :
KENWORTH TRUCK CO. : JURY TRIAL DEMANDED
65 Kenworth Drive :
Chillicothe, Ohio 45601 :
          AND :
PACCAR, Inc. :
777 106th Avenue NE :
Bellevue, WA 98004 :
          Defendants : NO. 2009-CIV- 5215

## NOTICE TO DEFEND AND CLAIM RIGHTS

      You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice and for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northern Penna Legal Services
2nd Floor – Scranton Electric Building
507 Linden Street
Scranton, Pa. 18503
570-342-0184

Pa. Lawyers Referral
PO Box 1086
100 South Street
Harrisburg, Pa.
800-692-7375

ROBERT VASKAS AND DEANNA
VASKAS, Husband and Wife,
RR1, Box 20
Stevensville, Pa. 18854
      Plaintiffs
VS.
MOTOR TRUCK EQUIPMENT -
PITTSBURGH, INC., d/b/a
KENWORTH OF PENNSYLVANIA
1250 O'Neill Highway
Dunmore, Pa. 18512
      AND
KENWORTH TRUCK CO.
65 Kenworth Drive
Chillicothe, Ohio 45601
      AND
PACCAR, Inc.
777 106th Avenue NE
Bellevue, WA 98004
      Defendants

: IN THE COURT OF COMMON PLEAS
:
:
:
: OF LACKAWANNA COUNTY
:
:
:
: CIVIL ACTION - LAW
:
:
:
: JURY TRIAL DEMANDED
:
:
:
:
:
: NO. 2009-CIV- 5215

2009 AUG 11 P 2:50
CLERK OF JUDICIAL RECORDS CIVIL DIVISION
MARY F. RINALDI LACKAWANNA COUNTY

## C O M P L A I N T

       AND NOW, come the Plaintiffs, Robert Vaskas and Deanna Vaskas, his wife, by and through their attorneys, O'Malley & Langan, P.C. and complain as follows:

      1. Plaintiffs, Robert Vaskas and Deanna Vaskas, his wife, are adult and competent individuals residing at RR1, Box 20, Stevensville, Bradford County, Pennsylvania.

      2. The Plaintiffs, Robert Vaskas and Deanna Vaskas were married on June 18, 2994.

      3. Defendant, Motor Truck Equipment - Pittsburgh, Inc. d/b/a  Kenworth

of Pennsylvania (hereinafter referred to as Kenworth of Pennsylvania) is a corporation

which has its principal place of business at 530 N. Center Avenue, New Stanton,

Pennsylvania and doing business at 1250 O'Neill Highway, Dunmore, Lackawanna

County, Pennsylvania. Motor Truck is an authorized distributor of Kenworth Trucks,

including tractor cabs.

3. Defendant, Kenworth Truck Co. is a corporation, a division of

PACCAR, Inc. which has its principal place of business at 65 Kenworth Drive,

Chillicothe, Ohio, and does business through the sale of Kenworth Tractor cabs in the

Commonwealth of Pennsylvania.

4. Defendant, Paccar, Inc., is a corporation and parent corporation of

Kenworth Truck Company, with its principal place of business at 777 106th Avenue, NE,

Bellevue, Washington, and does business through the sale of its Kenworth model

tractor cabs in the Commonwealth of Pennsylvania.

5. The events and occurrences giving rise to Plaintiffs' cause of action

took place on August 21, 2007 at approximately 11:36 p.m., in Wyalusing, Bradford

County, Pennsylvania.

6. On the aforementioned date and time, Plaintiff, Robert Vaskas was in

the course of his employment with R.C. Moore in Wyalusing, Bradford County,

Pennsylvania.

7. On the aforementioned date and time, Plaintiff, Robert Vaskas was

operating a 2005 Kenworth T 800 Tractor cab bearing, ID # 1XKDDB8X36J112785,

which was owned by his employer, R. C. Moore.

8. At all times relevant hereto, Defendants Motor Truck, , Kenworth Truck Co. and Paccar, Inc. were engaged in the business of designing, manufacturing and/or selling tractor cabs, in this instance  the said 2005 Kenworth T 800 tractor cab and did in fact, sell the aforesaid tractor cab to R. C. Moore.

9. Regardless of the manufacturing/wholesaling/retailing/distribution relationships between the Defendants, it is averred that at all times relevant hereto, Defendants exercised a degree of direct responsibility for the design, manufacture, wholesale, retail and/or distribution of the said 2005 T 800 tractor cab.

10. At all times relevant hereto, the Defendant, Paccar, Inc. has conducted business in the Commonwealth of Pennsylvania, County of Lackawanna through the sale, solicitation and distribution of Kenworth tractor cabs.

11. At all times relevant hereto, Defendants had a duty to provide a safe product to all consumers and users of their vehicles, including the T800 model tractor cabs.

12. At all times relevant hereto, Plaintiff, Robert Vaskas, was exiting the 2005 Kenworth T 800 tractor cab, and as he was beginning his descent, his foot slipped off the stair tread of the truck, causing him to fall down, and to strike his head on each step of the rig, ultimately landing on the ground.

13. Upon information and belief, the defective design, location and installation of the method of ingress/egress was the direct and proximate cause of the

injuries sustained by Plaintiff.

14. As a direct and proximate result of this incident, Plaintiff, Robert Vaskas, has suffered severe and permanent injuries, to be set forth hereinafter.

## COUNT I - NEGLIGENCE
## ROBERT VASKAS V. KENWORTH OF PENNSYLVANIA

15. Plaintiffs hereby incorporate paragraphs One (1) through Fourteen (14), as if fully set forth herein at length.

16. The design and/or manufacture of the Kenworth T 800 tractor cab, and in particular, the method of ingress/egress was the direct and proximate cause of the Plaintiff's injuries which consisted of the following:

a) failing to have properly designed step treads;

b) failing to have proper warnings;

c) failing to have appropriate non-skid or slip resistant surface on the step treads;

d) failing to have a safe means to mount and dismount from the truck;

e) failing to have steps which were of the proper rise and width;

f) failing to identify hazard of user stability and design alternatives for handrails/handholds;

g) failing to design according to the Code of Federal Regulations, Society of Automotive Engineers (SAE) and the Pennsylvania Department of Transportation;

h) failing to have a second handrail available for use upon entering and/or exiting the tractor; and

i) was otherwise unreasonable dangerous and defective.

17. As a result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, suffered severe and permanent injuries including, but not limited to: disc herniations at C 4-5, C5-6, and C6-7; discectomy at C4-5, C5-6, and C6-7; decompression of the right C5-C7 nerve roots; fusion and placement of three (3) cages in his cervical spine, concussion; contusion to forehead; and headaches, all of which have left him sick, sore, lame and permanently disabled.

18. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has undergone and will continue to undergo great physical pain and suffering and mental anguish, and will continue to endure the for an indefinite time in the future, all to his great detriment and loss.

19. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, was obliged to receive and undergo medical attention and care, and will continue to undergo medical attention and care for an indefinite period of time into the future.

20. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has had to expend various sums of money and to incur various expenses for reasonable and necessary medical treatment, psychological treatment and rehabilitative services, and he may be obliged to expend such sums or incur such expenditures for an indefinite time in the future.

21. As a further result of the defective design and manufacture of the

Kenworth T 800, the Plaintiff, Robert Vaskas has or may hereafter incur other financial expenses which may exceed an amount which he may otherwise be entitled to recover.

22. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has sustained a medially ascertainable physical and mental impairment which prevents him from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities to his great detriment and loss.

23. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has suffered a loss of earnings and earning power, and will continue to suffer a loss of earnings and earning power into the future, much to his detriment and financial loss.

24. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has been caused to suffer embarrassment, humiliation and loss of enjoyment of life's pleasures, all to his great detriment and loss.

WHEREFORE, Plaintiff, Robert Vaskas, demands judgment against the Defendant, Kenworth of Pennsylvania, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.

## COUNT II - NEGLIGENCE
## ROBERT VASKAS V. KENWORTH TRUCK CO.

25. Plaintiffs hereby incorporate paragraphs One (1) through Twenty-four

(24 ), as if fully set forth herein at length.

26.  The design and/or manufacture of the Kenworth T 800 tractor cab and in particular the method of ingress/egress was the direct and proximate cause of the Plaintiff's injuries which consisted of the following:

a) failing to have properly designed step treads;

b) failing to have proper warnings;

c) failing to have appropriate non-skid or slip resistant surface on the step treads;

d) failing to have a safe means to mount and dismount from the truck;

e) failing to have steps which were of the proper rise and width;

f)  failing to identify hazard of user stability and design alternatives for handrails/handholds;

g) failing to design according to the Code of Federal Regulations, Society of Automotive Engineers (SAE) and the Pennsylvania Department of Transportation;

h) failing to have a second handrail available for use upon entering and/or exiting the tractor; and

i) was otherwise unreasonable dangerous and defective.

27.  As a result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, suffered severe and permanent injuries including, but not limited to: disc herniations at C 4-5, C5-6, and C6-7; discectomy at C4-5, C5-6,

and C6-7; decompression of the right C5-C7 nerve roots; fusion and placement of three (3) cages in his cervical spine, concussion; contusion to forehead; and headaches, all of which have left him sick, sore, lame and permanently disabled.

28.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has undergone and will continue to undergo great physical pain and suffering and mental anguish, and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

29.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas,  was obliged to receive and undergo medical attention and care, and will continue to undergo medical attention and care for an indefinite period of time into the future.

30.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas,  has had to expend various sums of money and to incur various expenses for reasonable and necessary medical treatment, psychological treatment and rehabilitative services, and he may be obliged to expend such sums or incur such expenditures for an indefinite time in the future.

31.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas has or may hereafter incur other financial expenses which may exceed an amount which he may otherwise be entitled to recover.

32.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has sustained a medially ascertainable

physical and mental impairment which prevents him from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities to his great detriment and loss.

33.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas,  has suffered a loss of earnings and earning power, and will continue to suffer a loss of earnings and earning power into the future, much to his detriment and financial loss.

34.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has been caused to suffer embarrassment, humiliation and loss of enjoyment of life's pleasures, all to his great detriment and loss.

WHEREFORE, Plaintiff, Robert Vaskas, demands judgment against the Defendant, Kenworth Truck Co., jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.

## COUNT III - NEGLIGENCE
## ROBERT VASKAS V. PACCAR, INC

35.  Plaintiffs hereby incorporate paragraphs One (1) through Thirty-four (34), as if fully set forth herein at length.

36.  The design and/or manufacture of the Kenworth T 800 tractor cab and in particular, the method of ingress/egress was the direct and proximate cause of the Plaintiff's injuries which consisted of the following:

a) failing to have properly designed treads;

b) failing to have proper warnings;

c) failing to have appropriate non-skid or slip resistant surface on the step treads;

d) failing to have a safe means to mount and dismount from the truck;

e) failing to have steps which were of the proper rise and width;

f) failing to identify hazard of user stability and design alternatives for handrails/handholds;

g) failing to design according to the Code of Federal Regulations, Society of Automotive Engineers (SAE) and the Pennsylvania Department of Transportation;

h) failing to have a second handrail available for use upon entering and/or exiting the tractor; and

h) was otherwise unreasonable dangerous and defective.

37. As a result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, suffered severe and permanent injuries including, but not limited to: disc herniations at C 4-5, C5-6, and C6-7; discectomy at C4-5, C5-6, and C6-7; decompression of the right C5-C7 nerve roots; fusion and placement of three (3) cages in his cervical spine, concussion; contusion to forehead; and headaches, all of which have left him sick, sore, lame and permanently disabled.

38. As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has undergone and will continue to

undergo great physical pain and suffering and mental anguish, and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

39.    As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas,  was obliged to receive and undergo medical attention and care, and will continue to undergo medical attention and care for an indefinite period of time into the future.

40.    As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas,  has had to expend various sums of money and to incur various expenses for reasonable and necessary medical treatment, psychological treatment and rehabilitative services, and he may be obliged to expend such sums or incur such expenditures for an indefinite time in the future.

41.    As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas has or may hereafter incur other financial expenses which may exceed an amount which he may otherwise be entitled to recover.

42.    As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has sustained a medially ascertainable physical and mental impairment which prevents him from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities to his great detriment and loss.

43.    As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas,  has suffered a loss of earnings and

earning power, and will continue to suffer a loss of earnings and earning power into the future, much to his detriment and financial loss.

44.  As a further result of the defective design and manufacture of the Kenworth T 800, the Plaintiff, Robert Vaskas, has been caused to suffer embarrassment, humiliation and loss of enjoyment of life's pleasures, all to his great detriment and loss.

WHEREFORE, Plaintiff, Robert Vaskas, demands judgment against the Defendant, PACCAR, INC., jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.

### COUNT IV - STRICT LIABILITY
### ROBERT VASKAS V. KENWORTH OF PENNSYLVANIA

45.  Plaintiffs hereby incorporate paragraphs One (1) through Forty-four (44), as if fully set forth herein at length.

46.  The aforesaid Kenworth T 800, was, as designed, manufactured and sold by the Defendants, dangerous and defective in that it:

a) failing to have properly designed step treads;

b) failing  to have proper warnings;

c) failing  to have appropriate non-skid or slip resistant surface on the step treads;

d) failing to have a safe means to mount and dismount from the truck;

e) failing  to have steps which were of the proper rise and width;

f) failing to identify hazard of user stability and design alternatives for handrails/handholds;

g) failing to design according to the Code of Federal Regulations, Society of Automotive Engineers (SAE) and the Pennsylvania Department of Transportation;

h) failing to have a second handrail available for use upon entering and/ or exiting the tractor; and

h) was otherwise unreasonable dangerous and defective.

47. The aforesaid defects were the direct and proximate cause of Plaintiff, Robert Vaskas' injuries, as aforesaid.

48. Because of the actions of the Defendant, Kenworth of Pennsylvania, the Plaintiff, Robert Vaskas is entitled to money damages from the Defendants, for his losses as alleged above.

WHEREFORE, the Plaintiff, Robert Vaskas, demands judgment from the Defendant, Kenworth of Pennsylvania, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs and interest.

## COUNT V - STRICT LIABILITY
## ROBERT VASKAS V. KENWORTH TRUCK CO.

49. Plaintiffs hereby incorporate paragraphs One (1) through Forty-eight (48), as if fully set forth herein at length.

50. The aforesaid Kenworth T 800, was, as designed, manufactured and

sold by the Defendants, dangerous and defective in that it:

a) failing to have a properly designed step treads;

b) failing to have proper warnings;

c) failing to have appropriate non-skid or slip resistant surface on the step treads;

d) failing to have a safe means of mount and dismount from the truck;

e) failing to have steps which were of the proper rise and width;

f) failing to identify hazard of user stability and design alternatives for handrails/handholds;

g) failing to design according to the Code of Federal Regulations, Society of Automotive Engineers (SAE) and the Pennsylvania Department of Transportation;

h) failing to have a second handrail available for use upon entering and/or exiting the tractor; and

I) was otherwise unreasonable dangerous and defective.

51. The aforesaid defects were the direct and proximate cause of Plaintiff, Robert Vaskas' injuries, as aforesaid.

52. Because of the actions of the Defendant, Kenworth Truck Co., the Plaintiff, Robert Vaskas is entitled to money damages from the Defendants, for his losses as alleged above.

WHEREFORE, the Plaintiff, Robert Vaskas, demands judgment from the Defendant, Kenworth Truck Co., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs and interest.

## COUNT VI - STRICT LIABILITY
## ROBERT VASKAS V. PACCAR, INC.

53.  Plaintiffs hereby incorporate paragraphs One (1) through Fifty-two

(52), as if fully set forth herein at length.

54.  The aforesaid Kenworth T 800, was, as designed, manufactured and

sold by the Defendants, dangerous and defective in that it:

a) failing to have properly designed step treads;

b) failing to have proper warnings;

c) failing to have appropriate non-skid or slip resistant surface on the step

tread;

d) failing to have a safe means to mount and dismount from the truck;

e) failing to have steps which were of the proper rise and width;

f)  failing to identify hazard of user stability and design alternatives for
handrails/handholds;

g) failing to design according to the Code of Federal Regulations, Society
of Automotive Engineers (SAE) and the Pennsylvania Department of
Transportation;

h) failing to have a second handrail available for use upon entering and/
or exiting the tractor; and

i) was otherwise unreasonable dangerous and defective.

55.  The aforesaid defects were the direct and proximate cause of

Plaintiff, Robert Vaskas' injuries, as aforesaid.

56.  Because of the actions of the Defendant, PACCAR, INC., the Plaintiff,

Robert Vaskas is entitled to money damages from the Defendants, for his losses as alleged above.

WHEREFORE, the Plaintiff, Robert Vaskas, demands judgment from the Defendant, PACCAR, INC., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs and interest.

### COUNT VII - BREACH OF WARRANTY
### ROBERT VASKAS V. KENWORTH OF PENNSYLVANIA

57.  Plaintiffs hereby incorporate paragraphs One (1) through Fifty-six (56), as if fully set forth herein at length.

58.  The Defendant, Kenworth of Pennsylvania, breached the express and implied warranties of fitness for a particular purpose and/or merchantability in designing, manufacturing, selling and/or marketing an unreasonably dangerous and defective product, to wit, the 2005 Kenworth T800 tractor cab.  These breaches were the cause of the Plaintiff, Robert Vaskas' injuries and losses.

59.  Because of the actions of the Defendant, Kenworth of Pennsylvania, the Plaintiff, Robert Vaskas, is entitled  to money damages from the Defendant, Kenworth of Pennsylvania, for his losses, as alleged above.

WHEREFORE, Plaintiff, Robert Vaskas, demands judgment from the Defendant, Kenworth of Pennsylvania, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**COUNT VIII - BREACH OF WARRANTY**
**ROBERT VASKAS V. KENWORTH TRUCK CO.**

60.  Plaintiffs hereby incorporate paragraphs One (1) through Fifty-nine (59), as if fully set forth herein at length.

61.  The Defendant, Kenworth Truck Co., breached the express and implied warranties of fitness for a particular purpose and/or merchantability in designing, manufacturing, selling and/or marketing an unreasonably dangerous and defective product, to wit, the 2005 Kenworth T800 tractor cab.   These breaches were the cause of the Plaintiff, Robert Vaskas' injuries and losses.

62.  Because of the actions of the Defendant, Kenworth Truck Co., the Plaintiff, Robert Vaskas, is entitled  to money damages from the Defendant, Kenworth of Pennsylvania, for his losses, as alleged above.

WHEREFORE, Plaintiff, Robert Vaskas, demands judgment from the Defendant, Kenworth Truck Co., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**COUNT VIX- BREACH OF WARRANTY**
**ROBERT VASKAS V. PACCAR, INC.**

63.  Plaintiffs hereby incorporate paragraphs One (1) through Sixty-two (62), as if fully set forth herein at length.

64.  The Defendant, PACCAR, INC., breached the express and implied warranties of fitness for a particular purpose and/or merchantability in designing, manufacturing, selling and/or marketing an unreasonably dangerous and defective

product. These breaches were the cause of the Plaintiff, Robert Vaskas' injuries and losses.

65. Because of the actions of the Defendant, PACCAR, INC., the Plaintiff, Robert Vaskas, is entitled to money damages from the Defendant, PACCAR, INC., for his losses, as alleged above.

WHEREFORE, Plaintiff, Robert Vaskas, demands judgment from the Defendant, PACCAR, INC., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

## COUNT X - LOSS OF CONSORTIUM
## DEANNA VASKAS V. KENWORTH OF PENNSYLVANIA

66. Plaintiffs hereby incorporate paragraphs One (1) through Sixty-five (65), as if fully set forth herein at length.

67. As a direct and proximate result of the actions or inactions of the Defendant, Kenworth of Pennsylvania, Plaintiff/wife, Deanna Vaskas, has been deprived of the society, companionship, contribution and consortium of her husband, Plaintiff, Robert Vaskas, much to her great detriment and loss.

68. As a direct and proximate result of the actions or inactions of the Defendant, Kenworth of Pennsylvania, Plaintiff/wife, Deanna Vaskas, has suffered a disruption in her daily habits and pursuits and the loss of enjoyment of life, all of which have been to her great detriment and loss.

WHEREFORE, Plaintiff/wife, Deanna Vaskas, demands judgment against

Defendant, Kenworth of Pennsylvania, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00), plus interest and costs.

**COUNT XI - LOSS OF CONSORTIUM**
**DEANNA VASKAS V. KENWORTH TRUCK CO.**

69.  Plaintiffs hereby incorporate paragraphs One (1) through Sixty-eight (68), as if fully set forth herein at length.

70.  As a direct and proximate result of the actions or inactions of the Defendant, Kenworth Truck Co., Plaintiff/wife, Deanna Vaskas, has been deprived of the society, companionship, contribution and consortium of her husband, Plaintiff, Robert Vaskas, much to her great detriment and loss.

71.  As a direct and proximate result of the actions or inactions of the Defendant, Kenworth Truck Co., Plaintiff/wife, Deanna Vaskas, has suffered a disruption in her daily habits and pursuits and the loss of enjoyment of life, all of which have been to her great detriment and loss.

WHEREFORE, Plaintiff/wife, Deanna Vaskas, demands judgment against Defendant, Kenworth Truck Co., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00), plus interest and costs.

**COUNT XII - LOSS OF CONSORTIUM**
**DEANNA VASKAS V. PACCAR, INC.**

72.  Plaintiffs hereby incorporate paragraphs One (1) through Seventy-one (71), as if fully set forth herein at length.

73. As a direct and proximate result of the actions or inactions of the Defendant, PACCAR, INC., Plaintiff/wife, Deanna Vaskas, has been deprived of the society, companionship, contribution and consortium of her husband, Plaintiff, Robert Vaskas, much to her great detriment and loss.

74. As a direct and proximate result of the actions or inactions of the Defendant, PACCAR, INC., Plaintiff/wife, Deanna Vaskas, has suffered a disruption in her daily habits and pursuits and the loss of enjoyment of life, all of which have been to her great detriment and loss.

WHEREFORE, Plaintiff/wife, Deanna Vaskas, demands judgment against Defendant, PACCAR, INC., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00), plus interest and costs.

Respectfully submitted:

O'MALLEY & LANGAN, P.C.

Gerard W. Langan, Jr., Esquire
ID# 46938
9 N. Main Street
Pittston, Pa.  18640
(570) 883-1321
Fax: (570) 883-1250

VERIFICATION

WE, ROBERT AND DEANNA VASKAS, Plaintiffs, hereby verify that we have read the foregoing Plaintiffs' Complaint and that insofar as it is based upon information within our own knowledge, it is true and correct, insofar as it is based upon the expertise of counsel, we have relied upon counsel in making this verification. The language of the pleading is that of counsel and not our own. We understand that this verification is made subject to the provisions of 18-PA C.S. 4904 pertaining to unsworn falsification to authorities.

_____
ROBERT VASKAS

_____
DEANNA VASKAS

DATE: _8/11/09_____