IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT and DEANNA VASKAS, | CIVIL ACTION NO. 3:10-CV-1024 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| KENWORTH TRUCK CO. and PACCAR, INC., | |
| Defendants. | |

FILED
SCRANTON
MAR 1 8 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a Motion for Reconsideration brought by Defendants PACCAR Inc and Kenworth Truck Company. (Doc. 28.) Defendants seek reconsideration of the Court's January 8, 2013 Memorandum and Order (Docs. 25–26), which granted in part and denied in part Defendants' Motion for Summary Judgment (Doc. 14). Because Defendants have demonstrated a clear error of law in the Court's denial of summary judgment on Plaintiffs' negligent design defect and negligent failure to warn claims, their motion will be granted and summary judgment will be entered in their favor on those claims.

## BACKGROUND

As the facts are set forth in detail in the Court's January 8, 2013 Memorandum (Doc. 25), it is unnecessary to repeat them here at length. It is enough to state that this action stems from an incident that occurred on August 21, 2007, when Plaintiff Robert Vaskas, a truck driver, fell while exiting a 2005 Kenworth T800 tractor (the "Kenworth tractor") designed and manufactured by Defendants. Plaintiffs commenced this action in the Court of Common Pleas of Lackawanna County, Pennsylvania, on August 11, 2009, alleging negligence, strict products liability, breach of warranty, and loss of consortium claims against Defendants. (Doc. 1, Ex. A.) On May 12, 2010, Defendants successfully removed

the case to this Court on diversity grounds. (Doc. 1.)

On August 1, 2012, Defendants moved for summary judgment. (Doc. 13.) In a Memorandum and Order dated January 8, 2013, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. (Docs. 25–26.) Specifically, summary judgment was granted in favor of Defendants on Plaintiffs' breach of warranty, strict liability design defect, and strict liability failure to warn claims, but denied with respect to Plaintiffs' strict liability manufacturing defect and negligence-based claims. (Doc. 26 at ¶¶ 2–3.)

Defendants filed their Motion for Reconsideration (Doc. 28) on January 22, 2013, in which they request the Court to vacate and amend its Order to grant summary judgment in their favor on Plaintiffs' negligent design defect and negligent failure to warn claims. This motion has been fully briefed and is ready for disposition.

## DISCUSSION

### A. Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v.*

2

*Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

## B. Defendants' Motion for Reconsideration (Doc. 28)

In its January 8, 2013 Memorandum and Order, the Court granted summary judgment in Defendants' favor on Plaintiffs' strict liability design defect and strict liability failure to warn claims because Plaintiffs did not present evidence that the omission of a reasonable alternative design of the cab access area or stickers warning of possible stair slipperiness in inclement weather rendered the Kenworth tractor not reasonably safe. (Doc. 25 at 12–16.) However, the Court did not grant summary judgment in Defendants' favor on Plaintiffs' strict liability manufacturing defect, negligent manufacturing defect, negligent design defect, and negligent failure to warn claims. (*Id.* at 11–12, 16–19.)

In their Motion for Reconsideration, Defendants argue that allowing Plaintiffs to proceed to trial on negligent design defect and negligent failure to warn claims but not on strict liability design defect and strict liability failure to warn claims is inconsistent with the Restatement (Third) of Torts. (Doc. 29 at 6–7.) Defendants contend that summary judgment should be granted in their favor on Plaintiffs' negligent design defect and negligent failure to warn claims because the Court has found that Plaintiffs cannot prove that the Kenworth tractor is defective. (Doc. 28 at ¶ 2.) Plaintiffs contend that there is no authority

3

for this Court to integrate or apply the reasonableness or risk–utility balancing tests adopted by § 2(b) and § 2(c) of the Restatement (Third) of Torts—which address design defects and defects based on inadequate warnings, respectively—into the "separate and distinct negligence cause of action." (Doc. 30 at 3.)

The Court agrees with Defendants that allowing Plaintiffs to proceed to trial on negligent design defect and negligent failure to warn claims but not on strict liability design defect and strict liability failure to warn claims is inconsistent with the Restatement (Third). Sections 2(b) and 2(c) of the Restatement (Third), "which impose liability for products that are defectively designed or sold without adequate warnings . . . and are thus not reasonably safe, achieve the same general objectives as does liability predicated on negligence." Restatement (Third) of Torts § 2, cmt. a. "Regardless of the doctrinal label attached to a particular claim, design and warning claims rest on a risk–utility assessment." Restatement (Third) of Torts, § 2, cmt. n. "Subsection (c) adopts a reasonableness test for judging the adequacy of product instructions and warnings. It thus parallels Subsection (b), which adopts a similar standard for judging the safety of product designs." Restatement (Third) of Torts, § 2, cmt. i.

In its January 8, 2013 Memorandum and Order, the Court applied these reasonableness tests and concluded that a jury could not find that the omission of a reasonable alternative design of the cab access system or stickers warning of possible stair slipperiness in inclement weather rendered the Kenworth tractor not reasonably safe. (Doc. 25 at 12–16.) As a result, the Court granted summary judgment in favor of Defendants on Plaintiffs' strict liability design defect and strict liability failure to warn claims. (Doc. 26 at ¶ 2.) In light of this ruling, it is not consistent with the Restatement (Third) to allow Plaintiffs to proceed to trial on design defect and failure to warn claims based in negligence. Therefore, as Defendants have demonstrated a clear error of law in the Court's prior ruling,

4

their Motion for Reconsideration will be granted and the Court will grant summary judgment in their favor on Plaintiffs' negligent design defect and negligent failure to warn claims.

## CONCLUSION

Because Defendants have demonstrated a clear error of law in the Court's denial of summary judgment as to Plaintiffs' negligent design defect and negligent failure to warn claims, their Motion for Reconsideration (Doc. 28) will be granted and the Court will grant summary judgment in their favor on those claims.

An appropriate order follows.


March 18, 2013    /s/ A. Richard Caputo
Date              A. Richard Caputo
                  United States District Judge