**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT and DEANNA VASKAS, | CIVIL ACTION NO. 3:10-CV-1024 |
| Plaintiffs, | |
| | (JUDGE CAPUTO) |
| v. | |
| KENWORTH TRUCK CO. and PACCAR, INC., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is a Motion to Strike the Untimely Served Expert Reports of Michael J. Kuzel and Donald Parker brought by Plaintiffs Robert and Deanna Vaskas. (Doc. 36.) Plaintiffs request the Court to strike supplemental expert reports that Defendants Kenworth Truck Company and PACCAR Inc served nearly three months after the close of expert discovery. Because Defendants cannot show that the untimeliness of these reports was substantially justified or harmless, Plaintiffs' motion will be granted.

## BACKGROUND

This action stems from an incident that occurred on August 21, 2007, when Plaintiff Robert Vaskas fell while exiting a 2005 Kenworth T800 tractor (the "Kenworth tractor") designed and manufactured by Defendants. Plaintiffs commenced this action in the Court of Common Pleas of Lackawanna County, Pennsylvania, on August 11, 2009, alleging negligence, strict products liability, breach of warranty, and loss of consortium claims against Defendants. (Doc. 1, Ex. A.) On May 12, 2010, Defendants successfully removed the case to this Court on diversity grounds. (Doc. 1.)

This Court entered a Case Management Order on February 27, 2012 (Doc. 7) and amended the order on April 19, 2012 (Doc. 11). The Amended Case Management Order

placed this case on the January 2013 trial list and required Plaintiffs and Defendants to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) with respect to expert witnesses no later than August 1, 2012 and September 1, 2012, respectively. (*Id.* at ¶¶ 1, 4.) Dispositive motions as well as the disclosures required by Federal Rule of Civil Procedure 26(a)(3) were due by August 1, 2012, supplemental expert reports were due by October 1, 2012, and expert discovery was to be completed by October 15, 2012. (*Id.* at ¶¶ 2, 4–5.)

On August 1, 2012, Plaintiffs disclosed the expert report of Traci K. Campbell, P.E., dated May 4, 2009 (Doc. 21, Ex. 2) and Defendants moved for summary judgment (Doc. 13). On October 1, 2012, Plaintiffs received a supplemental report from Ms. Campbell, which they served on Defendants that same day. (Doc. 24 at 5, Ex. F.) On October 30, 2012, Plaintiffs filed their Motion to Supplement (Doc. 18), which asked this Court to consider the supplemental Campbell report in deciding Defendants' summary judgment motion. Defendants requested that this Court deny Plaintiffs' motion and strike the report or, alternatively, compel Plaintiffs to produce Ms. Campbell for deposition and grant Defendants leave to serve supplemental expert reports. (Doc. 21 at 5–12.)

On January 8, 2013, the Court granted the Motion to Supplement, as Plaintiffs were timely in making their Rule 26(a) disclosures and supplementing them in accordance with Rule 26(e) and the Amended Case Management Order. (Doc. 25 at 4–6.) The Court did not grant Defendants leave to serve supplemental expert reports on Plaintiffs, but granted in part and denied in part Defendants' Motion for Summary Judgment. (*Id.* at 6–19.)

The following day, Defendants served upon Plaintiffs supplemental expert reports from Michael J. Kuzel, P.E., CHFP and Donald Parker, who respond to the supplemental Campbell report and note that the opinions in their initial reports remain unchanged. (Doc. 37 at 2; Doc. 39 at 3.) On February 14, 2013, Plaintiffs moved to strike the reports as

2

untimely, arguing that Defendants' failure to comply with the Amended Case Management Order's deadlines was neither substantially justified nor harmless. (Doc. 37 at 3.) Defendants respond that the reports should not be stricken, as Defendants were substantially justified and acted in good faith in serving the reports when they did, Plaintiffs have not been prejudiced, and allowing the reports would not disrupt the Court's trial schedule. (Doc. 39 at 4–6.) This motion has been fully briefed and is ripe for disposition.

## DISCUSSION

### A. Violation of Rules 26(a) and 26(e)

Under the Federal Rules of Civil Procedure, parties must disclose the identity of expert witnesses who may testify at trial and accompany that disclosure with a written report prepared by the witnesses which includes "a complete statement of all opinions the witness will express and the basis and reasons for them; the date or other information considered by the witnesses in forming them; any exhibits that will be used to summarize or support them," as well as additional information about the witness's qualifications, prior expert testimony, and compensation received in the relevant case. Fed. R. Civ. P. 26(a)(2)(A)–(B). The parties must make these disclosures according to deadlines set in any case management order or other order issued by the court. Fed. R. Civ. P. 26(a)(2)(D). Rule 26(a)(2) "imposes . . . [a] duty to disclose information regarding expert testimony in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26, cmt. to 1993 Amendments. Parties also have a duty to timely supplement their expert disclosures when they are incorrect or incomplete if the additional information has not otherwise been made known to the other parties in the case. Fed. R. Civ. P. 26(a)(2)(E); Fed. R. Civ. P. 26(e). The duty to supplement applies to the expert's report and opinions given during deposition testimony. Fed. R. Civ. P. 26(e)(2). Supplemental reports

3

must be disclosed by the time a party's pre-trial disclosures are due. *Id.*

In this case, the Amended Case Management Order dictated that supplemental expert reports were due no later than October 1, 2012 and that the deadline for completing expert discovery was October 15, 2012. (Doc. 11 at ¶¶ 2, 4.) On October 1, 2012, Plaintiffs received a supplemental report from Ms. Campbell and served it upon Defendants the same day. (Doc. 24 at 5, Ex. F.) The supplemental reports from Messrs. Kuzel and Parker, which respond to the supplemental Campbell report but do not alter the opinions in the initial Kuzel and Parker reports, were not served upon Plaintiffs until January 9, 2013. (Doc. 37 at 2; Doc. 39 at 3.) Although the Court granted Plaintiffs' Motion to Supplement and considered their expert's supplemental report in deciding Defendants' Motion for Summary Judgment, it did not grant Defendants leave to file supplemental reports. (Doc. 25 at 6.) Accordingly, the Court finds that Defendants failed to timely supplement their experts' reports in contravention of the Amended Case Management Order and Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure.

**B. Appropriate Sanction**

Defendants contend that sanctions under Federal Rule of Civil Procedure 37 are inappropriate here because their untimeliness in serving their supplemental expert reports was both substantially justified and harmless. (Doc. 39 at 5–6.) They argue that the reports, which were served three months before the scheduled April trial date, will neither prejudice Plaintiffs nor disrupt the orderly and efficient trial of this case. (*Id.*) Defendants also state that they acted in good faith by serving the reports the day after the Court resolved the "genuine dispute over whether the Campbell supplement would be accepted." (*Id.*) Plaintiffs respond that Defendants cannot show that they were substantially justified in serving the reports after the deadline for expert discovery or that their untimeliness was harmless. (Doc. 37 at 6.) Plaintiffs contend that they have been prejudiced by Defendants'

4

supplemental reports and cannot correct this prejudice. (*Id.* at 7.)

The Federal Rules state that a party who fails to comply with the requirements of Rule 26(a) or 26(e) "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-producing party has the "burden of proving substantial justification or that its failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). "'Substantial justification' for the failure to make a required disclosure has been regarded as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Id.* (quoting *United States v. Dentsply Intern., Inc.*, No. Civ. A. 99–5, 2000 WL 654378, at *7 (D. Del. May 10, 2000). "The test of substantial justification is satisfied if 'there exists a genuine dispute concerning compliance.'" *Id.* at 175–76 (quoting *Henrietta D. v. Giuliani,* No. 95–CV–0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). Failure to comply with Rule 26(a) is harmless "if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Klatch–Maynard v. Sugarloaf Tp.*, No. 06-CV-0845, 2011 WL 2006424, at *2 (M.D. Pa. May 23, 2011).

The Third Circuit has held that "even under Rule 37, the imposition of sanctions for abuse of discovery . . . is a matter within the discretion of the trial court." *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (citations and quotations omitted). It has cautioned that excluding evidence is an "extreme sanction" for a violation of a discovery order. *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999) (citation and quotations omitted). The Third Circuit instructs district courts to consider the following factors in exercising its discretion to exclude evidence: "(1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the

5

failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence . . ." *B. Braun Melsungen AG v. Terumo Med. Corp.*, No. 09-347, 2010 WL 4438041, at *9 (D. Del. Oct. 28, 2010) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 718 (3d Cir. 1997)).

Application of these factors to the facts of the instant case demonstrates that exclusion is an appropriate sanction. First, the information in Defendants' supplemental expert reports is important, especially concerning the issue of whether Defendants defectively manufactured the Kenworth tractor. Second, Defendants' failure to supplement prior to the close of expert discovery prejudiced Plaintiffs, who were deprived of the opportunity to depose Messrs. Kuzel and Parker about their supplemental reports. With respect to the third and fourth factors, the prejudice suffered by Plaintiffs cannot be ameliorated because this case is on this Court's April 2013 trial list. *See Ciocca v. BJ's Wholesale Club, Inc.*, No. 04-CV-5605, 2011 WL 3563560, at *3 (E.D. Pa. Aug. 12, 2011) (noting that when a "court excludes expert testimony on grounds of untimeliness, it is almost always in the face of a fast approaching trial date."). Next, the Court does not find Defendants' explanation for their failure to disclose to be persuasive. Defendants claim that they had reasonable grounds to believe that the Court would exclude the addendum to the Campbell Report and were therefore uncertain as to whether they needed to rebut Plaintiffs' supplemental report. However, the Court does not find a dispute over the admissibility of a supplemental expert report filed prior to the deadline for such reports to be "genuine." *See* Fed. R. Civ. P. 26, cmt. to 1993 Amendments (the Rule's duty to supplement "requires disclosure of any material changes made in the opinions of an expert from whom a report is required . . . . "). The Court also notes that regardless of whether such a dispute was genuine, Defendants were not granted leave to serve supplemental expert reports on Plaintiffs but did so anyway. Such conduct leads the Court to find that Defendants' failure

to observe the deadlines in the Amended Case Management Order was willful.

Having considered these factors, the Court finds that Defendants have failed to show that they were substantially justified in serving their supplemental expert reports three months after the close of expert discovery in this matter or that such conduct was harmless. Accordingly, Plaintiffs' motion will be granted and the supplemental expert reports of Messrs. Kuzel and Parker will be stricken.

## **CONCLUSION**

Because Defendants cannot establish that the untimeliness of their supplemental expert reports was substantially justified or harmless, Plaintiffs' Motion to Strike the Untimely Served Expert Reports of Michael J. Kuzel and Donald Parker (Doc. 36) will be granted.

An appropriate order follows.

| | |
|---|---|
| March 22, 2013<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |